IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kevin Wayne McDaniels, | C/A No.: 1:12-642-TLW-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| John R. Owen, Warden at FCI Williamsburg, | |
| Defendant. | |

Petitioner Kevin Wayne McDaniels ("Petitioner") is an inmate at Federal Correctional Institution ("FCI") Williamsburg who has filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I. Factual Background

Petitioner is presently serving federal and state sentences at FCI Williamsburg. [Entry #1-1 at 6]. The instant petition, challenging Petitioner's state convictions, alleges that he entered an *Alford* plea to the offenses of burglary first degree, burglary second degree, and grand larceny (two counts) in the Spartanburg County Court of General Sessions on August 26, 2008. [Entry #1 at 1]. Petitioner received a fifteen-year sentence

for each of the burglary convictions and a five-year sentence for each grand larceny offense. *Id.* Petitioner indicates that he appealed the convictions by filing an application for post-conviction relief (PCR), which was dismissed. *Id.* at 2. Online records for Spartanburg County show that Petitioner filed a PCR application, 2009-CP-42-3350, on June 16, 2009. *See* Spartanburg County Seventh Judicial Circuit Public Index, http://192.146.148.40/publicindex/PISearch.aspx?CourtType=G (last visited March 21, 2012).[1] Petitioner filed another PCR application, 2010-CP-42-2188, on April 22, 2010. *Id.* The two PCR cases were merged on September 8, 2010. *Id.* An order dismissing Petitioner's PCR action without prejudice was filed on November 5, 2010. *Id.* Petitioner states that he did not seek further review of the denial of his PCR application by a higher state court. [Entry #1 at 2]. Petitioner asks this court to vacate his convictions and sentences and order Petitioner's immediate release from incarceration. *Id.* at 14. Petitioner also asks for the charges to be expunged from his criminal record. *Id.*

II.    Discussion

   A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.

---

[1] This court may take judicial notice of factual information located in postings on government websites. *See Jolly v. Thompson,* C/A No. 1:10-1101, 2011 WL 3471023, at *2 (D.S.C. July 5, 2011).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

The instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 is subject to dismissal because Petitioner has not exhausted his state court remedies. The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to

address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lawson v. Dixon*, 3 F.3d 743, 749–50 n. 4 (4th Cir. 1993). In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts . . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)).[2]

In this case, Petitioner alleges that his grounds for habeas relief have been presented to the highest state court having jurisdiction. [Entry #1 at 11]. However, it is clear from the face of the petition that Petitioner failed to appeal the dismissal of his PCR action to a higher state court. *Id.* at 2. Therefore, the grounds presented by Petitioner in the present habeas petition cannot be exhausted. *Id.* at 2. Because Petitioner has potentially viable state court remedies which have not been utilized, this court should not keep this case on its docket while the Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court

---

[2] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975). Accordingly, Petitioner's habeas action is subject to summary dismissal.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 4, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).