IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Kevin Wayne McDaniels, )
)
       Petitioner, )
)
vs. ) Civil Action No.: 1:12-cv-642-TLW-SVH
)
John R. Owen, Warden at FCI )
Williamsburg, )
)
       Respondent. )
_____)

# ORDER

The petitioner, Kevin Wayne McDaniels ("petitioner"), brought this civil action, pro se, pursuant to 28 U.S.C. § 2254 on March 7, 2012. (Doc. # 1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges to whom this case had previously been assigned. (Doc. # 10). In the Report, the Magistrate Judge recommends that the District Court dismiss this case without prejudice and without issuance and service of process. (Doc. # 10). The petitioner filed objections to the Report. (Doc. # 12). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not

1

objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In the Report, the Magistrate Judge recommends dismissal because the petitioner has not exhausted his state remedies. (Doc. # 10). More specifically, the Magistrate Judge found that the petitioner did not appeal the dismissal of his post-conviction relief application to a higher state court. (Doc. # 10). In his objections, the petitioner states he relied on his court-appointed counsel in not pursuing further litigation. (Doc. # 12). Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). However, federal habeas review of a procedurally defaulted claim "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. The alleged ineffectiveness of the petitioner's attorney is not sufficient cause for any procedural default that may have occurred. There is no constitutional right to an attorney in state post-conviction proceedings and where there is no constitutional right to counsel there can be no deprivation of effective assistance. See id. at 752-54; Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam). The petitioner has presented no basis in fact or law that shows cause for any defaulted claims. The petitioner also has not demonstrated that failure to consider his claims will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 10). Therefore, for the reasons articulated by the Magistrate Judge, this case is **DISMISSED** without prejudice and without issuance and service of process.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. The petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

August 17, 2012
Florence, South Carolina